**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**KELLI SCHLESINGER, *et al.*** **PLAINTIFFS**

**v.** **CASE NO. 4:26-CV-00496-BSM**

**BUTLER SNOW LLP, *et al.*** **DEFENDANTS**

**ORDER**

Butler Snow L.L.P. and Daniel Warren Van Horn are moving to compel arbitration with Scott and Kelli Schlesinger [Doc. No. 6]. The request to compel Kelli Schlesinger is granted and the request to compel Scott Schlesinger is denied. Plaintiffs' motion for discovery on arbitrability [Doc. No. 11] is denied as moot. The motion of Vedder Price P.C. and Anthony Ashley to stay pending arbitration [Doc. No. 16] is granted, and this case is stayed against all defendants until Kelli Schlesinger's claims have been arbitrated. The parties are directed to file quarterly status reports.

I. BACKGROUND

When Scott and Kelli Schlesinger were removed as members of Natural States Medicinals Cultivation LLC ("NSMC"), they retained Anthony Ashley of the law firm of Vedder Price P.C. (collectively "Vedder Price") to represent them in the arbitration with NSMC. Doc. No. 10 at 2. Prior to this, Daniel Van Horn and the law firm of Butler Snow L.L.P. (collectively "Butler Snow") represented the Schlesingers in other matters. *Id.*

In October 2022, Butler Snow sent the Schlesingers a document terminating its representation of Scott but agreeing that it and Vedder Price would represent Kelli in the

arbitration with NSMC. *Id.* at 2–3. This document included an arbitration provision providing that "in the event any dispute arising out of or relating to this agreement cannot be resolved . . . the parties shall endeavor first to resolve any such disputes by mediation." *Id*. at 3. The Schlesingers signed the agreement. *Id*.

In February 2023, the arbitrator upheld Scott's removal but overturned Kelli's. *Id*. at 3–4. NSMC's operating agreement required Scott to provide NSMC with written notice of his intent to transfer his membership within thirty days of the arbitrator's ruling. *Id*. at 4. Scott alleges that he lost the ability to transfer his interest in NSMC to Kelly because Butler Snow and Vedder Price failed to provide NSMC with his notice of intent. *Id.*

The Schlesingers are suing defendants for legal malpractice, and Butler Snow is moving to compel arbitration. Butler Snow is also requesting a stay pending the outcome of arbitration. Vedder Price has joined Butler Snow's request.

## II. DISCUSSION

Arbitration provisions in contracts involving interstate commerce are "valid, irrevocable, and enforceable," unless there are legal or equitable grounds to revoke them. 9 U.S.C. § 2, Federal Arbitration Act. Courts must stay litigation and compel arbitration when a controversy falls within the scope of a valid arbitration agreement. 9 U.S.C. § 3; *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *Faber v. Menard, Inc*., 367 F.3d 1048, 1052 (8th Cir. 2004). The analysis involves two steps: (1) a decision on whether a valid arbitration agreement exists, and if so, (2) a decision on whether the dispute falls within that agreement. *Granite Rock Co. v. Int'l Brotherhood of Teamsters*, 561 U.S. 287,

299 (2010); *Nebraska Machinery Co. v. Cargotec Solutions, LLC*, 762 F.3d 737, 740–41 (8th Cir. 2014). On motions to compel arbitration, the record is viewed in the light most favorable to the nonmovant. *Duncan v. Int'l Markets Live, Inc.*, 20 F.4th 400, 403 (8th Cir. 2021).

A. Valid Arbitration Agreement

The arbitration agreement in question is valid. *See Faber*, 367 F.3d at 1052 (state contract law determines validity of arbitration agreement)*; Hot Spring Cty. Med. Ctr. v. Ark. Radiology Affiliates*, *P.A.*, 103 Ark. App. 252, 255 (2008) (essential elements include (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations). The agreement meets all five elements because the parties are competent; Scott was disengaging his representation with Butler Snow while Kelli was retaining Butler Snow for a fee; and the Schlesingers agreed to resolve all disputes arising from the agreement through arbitration.

B. Controversy within Scope

The agreement requires arbitration of "any dispute arising out of or relating to th[e] agreement," Engagement Letter at 6, Ex. 2, Doc. No. 2, and any doubts regarding the scope of an arbitration agreement are resolved in favor of arbitration. *See Moses H Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–5 (1983); *MedCam, Inc. v. MCNC*, 414 F.3d 972, 975 (8th Cir. 2005) (scope of arbitration agreement given liberal interpretation).

*1. Kelli Schlesinger*

Kelli Schlesinger is compelled to arbitrate because this dispute is within the scope of

the arbitration agreement. Kelli argues that arbitration should not be compelled because her agreement with Butler Snow, which contained the arbitration agreement, retained Butler Snow only to represent her during her arbitration with NSMC; it did not retain Butler Snow to provide services after that arbitration. She points out that the duty to inform NSMC of Scott's intent to transfer occurred after that arbitration, so she argues that the agreement with Butler Snow is now inoperable. This argument is not compelling because Scott's duty to inform NSMC was triggered by the arbitrator's decision. Moreover, the agreement with Butler Snow contemplated the issues presented herein because it recognized that Scott was permitted to transfer his interest to Kelli if she was reinstated and he was not. Engagement Letter at 5. Butler Snow's failure to notify NSMC is clearly related to its representation of Kelli.

*2. Scott Schlesinger*

Scott Schlesinger is not compelled to arbitrate. The agreement served as a disengagement of Scott's representation and severed any further representation and duties Butler Snow owed to him. Thus, Scott only agreed to arbitrate disagreements arising out of the termination of his representation. He is not compelled to arbitrate issues related to Butler Snow's representation of Kelli and the alleged failure to notify NSMC.

C. Motion to Stay Pending Arbitration

Defendants' motions to stay pending arbitration are granted because the single claim against all defendants involves the same questions of law and fact. *See Contracting Nw., Inc. v. City of Fredericksburg, Iowa*, 713 F.2d 382, 386 (8th Cir. 1983) (affirming stay of case

involving third party litigants because there were common questions of law and fact); *id.* at 387 ("the district court ha[s] the inherent power to grant the stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it.").

III. CONCLUSION

For these reasons, Kelli Schlesinger is compelled to arbitrate her claims against Butler Snow L.L.P. and Daniel Warren Van Horn, but Scott Schlesinger is not compelled to arbitrate his claims. Plaintiffs' motion for discovery on arbitrability is denied as moot. The motion to stay pending the outcome of Kelli Schlesinger's arbitration is granted and this case is stayed against all defendants pending the completion of that arbitration. The parties are directed to file regular status updates, the first of which is due in 180 days.

IT IS SO ORDERED this 7th day of August, 2026.

Brian S. Miller

UNITED STATES DISTRICT JUDGE